UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IGOR MALKOVSKIY and AHMED AMER, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE SHAW GROUP, INC., a Louisiana Corporation, and SHAW ENVIRONMENTAL, INC., a Louisiana Corporation,<br><br>Defendants.<br>_____ / | CIVIL ACTION NO.: |

## NATIONWIDE COLLECTIVE/CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, IGOR MALKOVSKIY and AHMED AMER ("Plaintiffs"), by and through the undersigned attorneys, sue the Defendants, THE SHAW GROUP, INC., a Louisiana Corporation, and SHAW ENVIRONMENTAL, INC. ("Defendants"), a Louisiana Corporation, and allege:

### The Parties

1. Plaintiffs were employees of Defendants and bring this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a4. Additionally, Plaintiffs seek a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

2. Plaintiffs were non-exempt, hourly paid construction inspectors who worked for Defendants in the State of New Jersey.

1

3. Plaintiff, IGOR MALKOVSKIY, worked for Defendants from approximately August 2003 to June 2009 in New Jersey.

4. Plaintiff, AHMED AMER, worked for Defendants from approximately 2007 to February 2010 in New Jersey.

5. Defendant, THE SHAW GROUP, INC., is a Louisiana Corporation that operates and conducts business in New Jersey and is therefore, within the jurisdiction of this Court.

6. Defendant, SHAW ENVIRONMENTAL, INC., is a Louisiana Corporation that operates and conducts business in New Jersey and is therefore, within the jurisdiction of this Court.

## Jurisdiction

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every non-exempt, hourly paid construction inspector who worked for Defendants nationwide at any time within the past three (3) years.

8. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b), the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this Court as Plaintiffs worked for Defendants in New Jersey and the failure to pay proper overtime compensation took place in New Jersey.

## General Allegations

10. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

11. Based upon information and belief, Defendants' annual gross revenue was in excess of $500,000.00 during the relevant time periods.

12. At all time relevant to this action, Defendants each employed two or more employees who were engaged in interstate commerce.

13. At all times relevant to this action, Plaintiffs were engaged in interstate commerce during their employment with Defendants by their routine and repeated phone calls outside the state and by handling and using goods, materials and supplies which had travelled in interstate commerce.

14. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

15. At all times relevant to this action, Defendants were "employers" within the meaning of the FLSA.

16. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiffs and those similarly situated employees worked overtime hours but were not paid time and one-half of their regular rate of pay for all overtime hours worked.

17. During their employment with Defendants, Plaintiffs and those similarly situated employees were only paid regular time for their overtime hours. Attached as Exhibit A is an example of Plaintiff Malkovskiy's pay stub showing he was only paid straight hourly rate for his overtime hours worked.

18. If Plaintiffs and those similarly situated employees worked less than forty (40) hours in one week, they were only paid their hourly rate multiplied by the actual hours they worked. Attached as Exhibit B is an example of Plaintiff Amer's pay stub showing him being paid for sixty-

3

eight (68) hours in a two week period.

19. As a result of this practice, Plaintiffs and the other similarly situated construction inspectors were hourly paid employees who were not paid time and one-half compensation for each overtime hour worked.

20. Defendants utilized this pay practice and plan for all of their construction inspector employees, and as a result, each construction inspector is entitled to additional compensation for all overtime hours worked.

21. The additional persons who may become plaintiffs in this action are non-exempt construction inspector employees who held positions similar to Plaintiffs and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for these hours worked in excess of forty (40) hours.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs and other similarly situated employees are in the possession and custody of Defendants.

23. Plaintiffs have retained the law firm of Morgan & Morgan, P.A. to represent them in this matter and have agreed to pay the firm a reasonable fee for its services.

<u><b>Class Action Allegations</b></u>

24. The Named Plaintiffs are individuals who, within the applicable period of limitations prior to the commencement of this action, were employed by Defendants in New Jersey. Plaintiffs bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class consisting of all current and former construction inspectors

of Defendants in the State of New Jersey during the period of April 19, 2009 to the present ("the Class").

25. Plaintiffs believe that there are hundreds of presently and formerly employed construction inspectors in the Class. Given Defendants' size and the systematic nature of Defendants' failure to comply with New Jersey statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

26. Plaintiffs' claims are typical of the claims of the Class members because they were non-exempt, hourly paid construction inspectors who, like the Class members, sustained damages arising out of Defendants' pay practice to only pay straight time for their overtime hours worked.

27. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex, class action litigation and specifically, class and collective wage and hour litigation.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

a. Whether Defendants have engaged in a pattern and/or practice in New Jersey of only paying straight time to their construction inspectors for their overtime hours worked;

b. Whether Defendants failed to pay Plaintiffs and the Class proper overtime compensation for all overtime hours worked;

c. Whether Defendants violated the New Jersey State Wage and Hour Law, NJ. Stat §34:11-56a4; and

  d.  The nature and extent of class-wide injury and the measure of damages for the injury.

  29. a.  Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein;

  b.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

  c.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy; and

  d.  The Class is readily identifiable from Defendants' records.

  30.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

  31.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

  32.  Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action which will result in further damages to Plaintiffs and the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

## Count 1
## Violation of 29 U.S.C. §207
### Recovery of Overtime Compensation

33. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-32 above.

34. Plaintiffs and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

35. During their employment with Defendants, Plaintiffs and those similarly situated employees worked overtime hours but were only paid straight time for their overtime hours worked. *See* Exhibit A.

36. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiffs and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

37. As a result of Defendants' willful violation of the FLSA, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

38. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

39. Plaintiffs demand a trial by jury.

## Count II
## Violation of New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a, et seq.

40. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-32 above.

41. The Class period for this cause of action is April 19, 2009, to the present and continuing.

42. At all times relevant hereto, New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a4 was in full force and affect.

43. The New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a4 provides that an employer must pay its employees one and a half times their regular hourly wage rate for each hour of working time in excess of 40 in any given work week.

44. During their employment with Defendants Plaintiffs and the Class were only paid straight time for their overtime hours, and were not paid time and one-half their hourly wage rate. *See* Exhibit A.

45. By their actions alleged above, Defendants violated the provisions of N.J.A.C. § 34:11-56a4.

46. As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with costs and attorneys fees pursuant to the New Jersey Minimum Wage Law, N.J.S.A. § 34:11-56a4.

## Count III
### Declaratory Relief

47. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-32 above.

48. Plaintiffs and Defendants have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

49. The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

50. Plaintiffs may obtain declaratory relief.

51. Defendants, THE SHAW GROUP, INC., and SHAW ENVIRONMENTAL, INC., employed Plaintiffs.

52. Defendants failed to pay Plaintiffs for all overtime hours worked as a result of Defendants' pay practice to only pay Plaintiffs straight time for their overtime hours worked.

53. Plaintiffs are entitled to overtime pursuant to 29 U.S.C. § 207.

54. Defendants did not rely upon a good faith defense in their decision to only pay Plaintiffs straight time for their overtime hours worked.

55. Plaintiffs are entitled to an equal amount of liquidated damages.

56. It is in the public interest to have these declarations of rights recorded.

57. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

58. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

59. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, IGOR MALKOVSKIY and AHMED AMER, demand the following relief:

a. That pursuant to 29 U.S.C. § 216(b), this Court authorize the issuance of class-wide notice to all Construction Supervisors informing them of their right to join this lawsuit;

b. That pursuant to the Fair Labor Standards Act, Defendants pay Plaintiffs and all other Constructions Inspectors for all overtime hours at one and one-half their regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate;

c. That this Court: (1) Determine that this action may proceed and be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) For an award to Plaintiffs and the Class of damages for the amount of unpaid overtime compensation, including all applicable prejudgment interest thereon; (3) For an award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to the New Jersey State Minimum Wage Law; and (4) All other relief as this Court may deem proper; and

d. That this Court declare that an employer-employee relationship existed between Plaintiffs and Defendants, that Plaintiffs worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA, that Defendants had a legal duty to pay Plaintiffs proper compensation pursuant to the FLSA, that Defendants failed to prove a good faith defense, and that Plaintiffs are entitled to proper compensation, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Dated this 19th day of April, 2011.

/s/ **ANDREW R. FRISCH**
ANDREW R. FRISCH
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, FL 33314
Telephone: (954)318-0268
Facsimile: (954)333-3515
Email: afrisch@forthepeople.com

C. Ryan Morgan[1]
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: rmorgan@forthepeople.com

Attorneys for Plaintiffs

---

[1] Will be seeking Pro Hac Vice Admission.

# EXHIBIT "A"

| Employee Name: | Igor Malkovskiy | | | | | LOCATION: | CRPEI |
|---|---|---|---|---|---|---|---|
| Employee Number: | 328876 | | **SHAW ENVIRONMENTAL, INC.** | | | ROUTE: | MAIL |
| Federal | Married | 000 | | | | ADVICE DATE: | 05/29/09 |
| WRK State NJ | Married | 000 | Statement of Earnings and Deductions | | | PERIOD END: | 05/22/09 |
| RES State NJ | Married | 000 | | | | ADVICE NUMBER: | 92444548 |

| Earnings | Hours | Rate | Amount | Year to Date Amount | Deductions | Amount | Year to Date Amount |
|---|---|---|---|---|---|---|---|
| Regular Time | 80.00 | 2,980.74 | 2,980.72 | 30,263.73 | FED FIT | 324.61 | 3,606.32 |
| Holiday | | | | 876.86 | FED FICA | 191.33 | 2,028.48 |
| Sick | | | | 666.34 | FED Medicare | 44.74 | 474.40 |
| Vacation | | | | 894.21 | NJ SIT | 78.18 | 802.33 |
| St. Time OT | 11.50 | | 428.49 | 3,572.57 | NJ SUTA EE | | 148.82 |
| 401K ER Match | | | 102.28 | 1,088.24 | NJ SDI EE | | 144.50 |
| Taxable Life | | | 2.97 | 32.46 | Medical Plan A EE Only | 35.63 | 391.93 |
| | | | | | HA Discount | -7.13 | -78.43 |
| | | | | | Dental Plan A EE Only | 3.51 | 38.61 |
| | | | | | Health Savings | 101.93 | 1,121.23 |
| | | | | | Vol ADD | 7.38 | 81.18 |
| | | | | | LTD | 12.21 | 133.96 |
| | | | | | FSA Dependent | 192.31 | 2,115.41 |
| | | | | | 401K | 204.55 | 2,176.43 |
| | | | | | STD | 18.80 | 206.25 |
| | | | | | Opt Life | 9.07 | 99.31 |
| | | | | | Sps Life | 1.89 | 20.79 |
| | | | | | Child Life | 0.46 | 5.06 |
| Gross Pay | | | 3,412.18 | 36,306.17 | Pre-Tax Deductions | 530.80 | 5,765.18 |
| Othr Net Inst | | | | | Tax Deductions | 638.86 | 7,204.85 |
| Net Pay | | | 2,189.74 | 22,757.13 | Other Deductions | 49.81 | 546.55 |

-- Vacation Information from 01/01/09 to 05/22/09 --
Beginning Balance: 109.18    Additions: 46.88    Taken: 24.00    Available Balance: 132.06    Accrual Rate: .0577

According to the Company's Code of Corporate Conduct, Employees are required to report any violations of the Code, laws, policies or unethical or illegal behavior that they see or believe to have occurred. If you need to report such behavior, you can report it using our SpeakUp hotline - and you can do it anonymously. The number is 1.888.337.7499.

**SHAW ENVIRONMENTAL, INC.**      Advice Number: 92444548      Advice Date: 05/29/09



| BANK NAME | ACCOUNT TYPE | ACCOUNT NUMBER | AMOUNT |
|---|---|---|---|
| Chase Jp Morgan | Checking | | 2,189.74 |

Igor Malkovskiy          CRPEI    MAIL



**NON-NEGOTIABLE**

# EXHIBIT "B"

Case 2:11-cv-02227-ES   Document 1   Filed 04/19/11   Page 15 of 15 PageID: 15

```
06346                                          The Shaw Group Inc                                        Page . . :      2
                                            Historical Payroll Register                                  Date . . :  6/03/10
                                                                                                         From Date.:  01/01/09
                                                                                                         Through Date 12/31/09

Company - Home .        00501 Shaw Environmental, Inc
Home Bus. Unit .  501233145 Trenton Consulting & Engr

PDBA                  Current                                   YTD       YTD      PDBA                          Current         YTD
Code Description      Hours     Rate       Dollars              Dollars   Hours    Code Description              Amount          Amount
----------------      -------   --------   ------------------   --------  -----    -----------------------       ----------      ----------

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   1159829  Amer, Ahmed M.
===========   =======  ===================================
100 D Regular          48.00    26.990     1,295.52             1,295.52  48.00    **      Gross Wages           1,835.58        1,835.58
126 I Holiday          16.00    26.990       431.84               431.84  16.00            FED FIT                 266.11          266.11
151 I Sick              4.00    26.990       107.96               107.96   4.00            NJ SIT                   45.33           45.33
164 Unpaid Time        12.00    26.990                                                     NJ SUTA EE                9.45            9.45
2603 401KER Match                             27.53                27.53                   NJ SDI EE                 9.18            9.18
3508 Taxable Life                               .26                  .26           2500    Medical BW               35.63           35.63
                                                                                   2520    Dental BW                 3.51            3.51
                                                                                   2530    HSA EE BW                11.54           11.54
                                                                                   2600    401K Matched             55.06           55.06
***  Total:            80.00    Gross:     1,835.58             1,835.58  68.00    ***     Total Ded's             435.81          435.81
                                Taxbl:     1,729.84             1,729.84

Route: CRPEIMAIL  Ck Cntrl #: 97804685 -   Auto Deposit         Ck # 92224880      ** Net Pay **        1,399.51  Ck Dt 01/09/09
```